IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON, individually *and on behalf of class of all persons and entities similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> FUNDBOX, INC., RAPID RESPONSE MARKETING, LLC, KEVIN DE VINCENZI, individually, <br><br> Defendants. | Civil Action No. 2:17-cv-03301-RBS <br><br> Electronically filed |

**[PROPOSED] REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT FUNDBOX, INC.'S MOTION TO STAY ALL PROCEEDINGS**

After conceding, as he must, that (1) the D.C. Circuit, in *ACA International v. FCC*, Case No. 15-1211, likely will decide whether the FCC acted lawfully in promulgating the regulatory interpretation at the heart of his claims; and (2) numerous district courts considering claims like his have stayed those cases pending the D.C. Circuit's decision in *ACA*, Plaintiff James Shelton's opposition brief ("Opp. Br.") offers two arguments why his case should uniquely *not* be stayed. He asserts "prejudice" without actually identifying why records supposedly will be lost in the interim, and none will be.  He also asserts that *ACA* may not impact his case, but that is demonstrably false:  Mr. Shelton has no claim against Fundbox unless he can show that he was called by an "Automatic Telephone Dialing System" ("ATDS").  His Complaint relies on the FCC's current, exceptionally broad definition of that term that includes a device's purported "future capacity" to auto-dial, even if the calls *at issue* all were human-dialed—a definition of ATDS that the D.C. Circuit may very well hold to have been beyond the FCC's delegated authority to adopt.  If the D.C. Circuit rules that only a dialing platform's present dialing ability is pertinent

to the question of whether an ATDS was used, and not its "future capacity," Mr. Shelton *undisputedly* has no claim.  It, therefore, makes no sense to engage in expensive and time-consuming discovery without the benefit of the D.C. Circuit's ruling.  Mr. Shelton's purported class action, which is in its infancy, can, and should wait until the D.C. Circuit issues its decision in *ACA International*.

I. **The D.C. Circuit's Decision May Directly Impact This Case.**

Prior to the FCC's adoption of the current, controversial definition, the term "ATDS" universally had been held to encompass devices with only the *present* capacity to function as an autodialer, not the "future capacity."  Mr. Shelton has no claim if the D.C. Circuit returns to that understanding.  That is why courts around the country have stayed cases like Mr. Shelton's that turn entirely on the controversial expansion.  *See, e.g., Reynolds v. Time Warner Cable*, 16-CV-6165W, 2017 WL 362025, at *3 (W.D.N.Y. Jan. 27, 2017) (granting stay because *ACA* may reject the FCC's interpretation of an ATDS as overbroad).  At a minimum, the D.C. Circuit ruling will provide clarity on the definition of an ATDS, and will simplify the central issues relevant to the parties' claims and defenses.  *See Ricketts v. Consumer Energy Co.*, Case No. 16-cv-13208, 2017 WL 2351731, at *2 ("[T]he decision will resolve whether equipment must have a present capacity to produce (or store) *and* dial numbers, or the potential capacity to do so.  The difference between these definitions equates to a difference in tens of thousands of dollars in expert fees related to the issue of whether equipment might have the potential or future capacity").

II. **A Stay Will Reduce The Burden On The Courts And Parties.**

Mr. Shelton cannot dispute that awaiting the D.C. Circuit's ruling will reduce the unnecessary burden on the Court and the parties of proceeding with discovery and class certification, only to later find out that the applicable legal standard requires the dismissal of his

claims. A stay will promote judicial efficiency. *See Kennoy v. Synchrony Bank*, No. 3:16-CV-2034, 2017 WL 2215279, at *8 (M.D. Pa. May 19, 2017) ("even if all claims are not affected by the *ACA International* litigation, the focus of discovery and parameters of the case going forward will be better defined after the D.C. Circuit Court issues its decision"); *Ricketts*, 2017 WL 2351731, at *2 ("It is also in the interest of judicial resources and economy to ensure that this matter is definitely resolved, and that key issues will not be revisited half-way through the case due to changes in law").

Mr. Shelton cannot distinguish any of these cases. Tellingly, he did not try. Instead, he provided a string cite of cases where stays were denied. *See* Opp. Br. at n.1. He failed to note, however, that the bulk of those stays were denied *before* the D.C. Circuit heard oral argument in *ACA*—arguments that observers universally construed as highly skeptical to the FCC's positon. Of the four non-stays that post-dated oral argument, none were in the Third Circuit, and none were denied for reasons remotely relevant to Mr. Shelton. *See Mey v. Venture Data*, No. 14-cv-123-JPB, ECF No. 271 (July 6, 2017) (denying motion for summary judgment); *Toldi v. Hyundai Capital Am.*, 2017 U.S. Dist. LEXIS 26205 (D. Nev. Feb. 23, 2017) ("future capacity" not at issue); *Williams v. Ocwen*, 8:16-cv-1223-T-26MAP (M.D. Fla., Feb. 21, 2017) (denied for failure to comply with local rule); *Terec v. Reg'l Acceptance Corp.*, 2017 U.S. Dist. LEXIS 22691 (M.D. Fla. Feb 17, 2017) ("future capacity" not at issue). In that Mr. Shelton cannot seriously dispute the centrality of *ACA* to the most important legal issue in his claims, the Court should stay this case pending the decision in *ACA*.

**III.     Mr. Shelton Has Failed To Demonstrate Prejudice.**

Mr. Shelton's only other argument against a stay is a vague suggestion that "there is a real and demonstrated risk that call records essential to the class claims will disappear." Opp. Br. at 5.

3

Indeed, he goes so far as to assert, baselessly, that Fundbox is seeking a stay specifically in order to *foster* the elimination of records.  Opp. Br. at 4.  This claim has no merit and Mr. Shelton barely pretends that it does.  Fundbox has preserved its records and has no object to Mr. Shelton issuing third-party subpoenas to obtain records from Velan if he fears they will not retain records.

Courts routinely hold that a delay, by itself, does not constitute prejudice and it is not enough to cause "prejudice" sufficient to deny a stay.  *See VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1319 (Fed. Cir. 2014); *Robinson v. Nationstar Mortg., LLC*, Civil Action No. 2:16-cv-85, 2016 WL 6275192, at *2 (S.D. Ga. Oct. 25, 2016) (staying TCPA case notwithstanding the reality that any stay "inherently involves some level of prejudice due to the delay in litigation").  A litigant must point to *specific* harm, which Mr. Shelton has not and cannot.  He has not invested any substantial resources in pursuing this case, and he does not dispute that the challenged conduct (the alleged calls) has stopped.  *See Ankcorn v. Kohl's Corp.*, No. 1:15-cv-1303, 2017 WL 395707, at *3 (N.D. Ill. Jan. 30, 2017) (granting stay pending *ACA*, court emphasizes that plaintiff "does not claim that he continues to receive calls from Defendant, so there is no risk of ongoing harm" during the stay).  Any alleged prejudice, therefore, is far outweighed by the other factors favoring a stay.  As the Supreme Court noted, "the individual may be required to submit to delay not immoderate in extend and not oppressive in its consequences if the public welfare or convenience will thereby be promoted."  *Landis v. North Am. Co.*, 299 U.S. 248, 256 (1936).

4

## **CONCLUSION**

For the forgoing reasons, this case should be stayed pending the decision in *ACA International*.

Dated:  October 17, 2017                                   Respectfully submitted,

/s/ Jeffrey S. Jacobson
Jeffrey S. Jacobson, Attorney ID No. 78251
Lauri A. Mazzuchetti (*pro hac vice*)
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
LMazzuchetti@KelleyDrye.com
JJacobson@KelleyDrye.com
Tel:  (973) 503-5900
Fax:  (973) 503-5950

*Attorneys for Defendant Fundbox, Inc.*