**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

vs.

FUNDBOX, INC.,

RAPID RESPONSE MARKETING, LLC,

KEVIN DEVINCENZI, individually,

Defendants.

Case No.: 2:17-cv-03301-RBS

**DEFENDANT RAPID RESPONSE MARKETING, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RAPID RESPONSE MARKETING, LLC TO GATHER TELEMARKETING CALL RECORDS FROM THEIR VENDORS TO AVOID LOSS OF DOCUMENTS THAT IDENTIFY PUTATIVE CLASS MEMBERS**

Electronically filed

## INTRODUCTION

Plaintiff James Shelton's motion to compel Defendant Rapid Response Marketing, LLC ("RRM") to "gather" telemarketing call records from third-party Velan Info Services ("Velan") should be denied for two reasons: (1) there is no pertinent authority for Plaintiff's motion to compel RRM to "gather" third-party documents, and (2) RRM could not be compelled to produce Velan's call records because RRM does not have "control" over those documents. Nonetheless, RRM has requested the documents from Velan, but has received no response.

## BACKGROUND

Plaintiff surmises, inaccurately, that Defendant Fundbox, Inc. ("Fundbox") hired RRM to commission a telemarketing call to Plaintiff and that third-party Velan physically dialed the call. (Mot. 1-2.) Plaintiff also mistakenly alleges, without any facts or evidence, that an automatic telephone dialing system ("autodialer") was used to contact Plaintiff. In fact, there was no

autodialer to support a claim under the Telephone Consumer Protection Act, 47 U.S.C. §227.

RRM had contracted with Velan for the option to purchase leads of small and medium-sized businesses interested in obtaining business financing. (Declaration of Kevin De Vincenzi in Support of Opposition ("De Vincenzi Decl.") ¶2.) Specifically, Velan was generally developing leads for various types of businesses and then sold those leads to multiple companies, including RRM and other similar vendors. (De Vincenzi Decl. ¶2.) Velan used its own calling scripts and did not reference RRM in telephone calls for leads. (*See* De Vincenzi Decl. ¶2.) As outlined herein, the relationship between RRM and Velan was not a principal-agent relationship.

Velan made representations to RRM regarding how Velan would make lead calls. (De Vincenzi Decl. ¶3.) In particular, Velan stated it would not use an autodialer and would only use equipment incapable of working as an autodialer. (De Vincenzi Decl. ¶3.) RRM did not have the capability of modifying Velan's dialing equipment and did not control Velan's calling methods. (De Vincenzi Decl. ¶3.) RRM no longer contracts with Velan. (De Vincenzi Decl. ¶4.) RRM and Velan do not have common ownership, directors, or employees. (De Vincenzi Decl. ¶4.)

Nonetheless, RRM sent a third-party preservation notice requesting that Velan preserve call records that may be relevant to this litigation, but has received no response. (De Vincenzi Decl. ¶5.) RRM also requested that Velan provide the call records as per Plaintiff's request, but Velan has not produced any documents. (De Vincenzi Decl. ¶5.)

Defendant Fundbox has filed a motion to stay, which is pending. The parties have not yet conducted a Rule 26(f) discovery conference. Plaintiff concedes "the Court may consider it most efficient to wait to commence discovery until that motion [to stay] is decided." (Mot. at 2.) As Fundbox asserts, the motion to stay is based upon an anticipated ruling by the D.C. Circuit that will likely clarify the definition of an autodialer and extinguish Plaintiff's claims. Thus,

Plaintiff's motion to compel RRM to "gather" records is premature and unwarranted.

**ARGUMENT**

**A. There is no authority for the motion to compel RRM to "gather" Velan's records.**

Pursuant to Fed. R. Civ. P. 37(a)(1), a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery. *Id.*

Here, discovery has not yet commenced, and there is no disclosure or discovery to compel. Rather, Plaintiff is attempting to circumvent the discovery rules by asserting it only seeks to compel RRM to "gather" documents at this time. However, this request is unfounded.

Plaintiff cites no binding authorities to the contrary. In fact, Plaintiff only refers to one non-binding case, *Fitzhenry v. Career Edu. Corp., et al.*, No. 14-cv-10172, Dkt. Nos. 92, 101 (N.D. Ill.), for the proposition that the Court should order a party to obtain (rather than produce) third-party documents. However, *Fitzhenry* is distinguishable as that case did not involve a similar motion to compel, but a request to modify a stay to require the defendant to obtain and retain call records. *See id.* Further, that case had been pending for a year, the plaintiff had already tried to obtain the third-party records with no success, the defendant had directly contracted with the third-party lead generator who could use the defendant's name for lead generation business, and the defendant indicated it would not assist with document retrieval due to the stay. *See id.*

Here, by contrast, there is no indication that Plaintiff has tried to obtain the call records from Velan directly, and Plaintiff does not offer any declaration or competent evidence for why it cannot obtain Velan's records through the normal course of third-party discovery. Moreover, to proactively assist Plaintiff, Defendant has requested that Velan preserve and turn over the call records for this litigation, but has received no response. (De Vincenzi Decl. ¶5.)

The other cases cited by Plaintiff are also inapposite, primarily because they concern responses to discovery requests during the discovery period. *See Charvat v. DelivercareRX, Inc.*, No. 14-cv-06832, Dkt. No. 27 (N.D. Ill.) (involving motion to compel compliance with discovery requests; defendant refused to provide documents despite having ongoing business relationship with third party); *Johansen v. Ameriquote, Inc., et al.*, No. 16-cv-4108-RWS, Dkt. No. 43 (N.D. Ga.) (discovery period was ongoing; noting "The court [previously] did not allow Plaintiff to proceed with discovery based on [] representation that vendors would be advised to preserve discovery. . ." ). As noted, the parties in this case have not yet conducted a Rule 26(f) conference, and Plaintiff concedes it may be more efficient to wait to commence discovery until the pending motion to stay is resolved. (Mot. at 2.)

Finally, Plaintiff's motion lacks an adequate certification that Plaintiff conferred with RRM in good faith on this issue. *See* Fed. R. Civ. P. 37(a)(1). While Plaintiff claims RRM has not indicated that it has gathered the calling records, RRM has requested that Velan preserve and turn over the call records. (De Vincenzi Decl. ¶5.) Thus, the motion should be denied.

**B. RRM does not have "control" over Velan's call records.**

Pursuant to Fed. R. Civ. P. 34, a party may be required to produce documents in its "possession, custody, or control." *See also Gerling Int'l Ins. Co. v. Comm'r of Internal Rev.*, 839 F.2d 131, 140 (3rd Cir. 1988); *Glanton v. Tudor Ins. Co.*, No. Civ-a99-2181, 2000 WL 377818, at *1 (E.D. Pa. Mar. 28, 2000); *Nosal v. Granite Park LLC*, 269 F.R.D. 284, 290 (S.D.N.Y. 2010) (a party has no obligation to produce documents not within its possession, custody, or control).

Control has been construed to mean the legal right to obtain the materials sought. *See Zaloga v. Borough of Moosic*, No. 3:10-cv-2604, 2012 WL 1899665, at *2 (M.D. Pa. May 24,

2012); *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471-73 (S.D.N.Y. 2000) ("control" may be found where third party was acting as an "agent" of the party); *Steele Software Sys. Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 564-65 (D. Md. 2006) ("control" may be shown by common ownership of related entities or overlapping directors, officers, and employees); *Kravitz v. Jewelry Basics, Inc.*, No. Civ-a89-2657, 1990 WL 44899, at *4 (E.D. Pa. Apr. 12, 1990) (same ownership, officer, and director indicated control). The party seeking to compel production has the initial burden of establishing the responding party's control over the documents sought. *See Insignia Sys, Inc. v. Edelstein*, No. 90-4619, 2009 WL 3521796, at *4 (D. N.J. Oct. 22, 2009); *Steele Software Sys. Corp.*, 237 F.R.D. at 564-65.

In this case, Plaintiff has not met his burden, and there are no facts to show, that RRM has "control" over Velan or the requested records. First, although RRM previously contracted with Velan to purchase leads for a limited time, that contract has ended, and there was no "agency" relationship between RRM and Velan. (*See* De Vincenzi Decl. ¶¶2 & 4.) In particular, Velan was generally developing leads for various types of businesses, rather than generating leads solely for or on behalf of RRM. (De Vincenzi Decl. ¶2.) RRM did not control Velan's calling scripts, equipment, or methods, and Velan did not reference RRM in lead calls. (De Vincenzi Decl. ¶¶2-3.) Thus, this case is distinguishable from actions where a telemarketer called as an "agent" of the party, using the party's name. *See Fitzhenry*, No. 14-cv-10172, Dkt. No. 92. Rather here, Velan functioned as an independent contractor, not an agent.

Second, this case is far removed from situations involving subsidiaries, common ownership, and ongoing relationships. RRM and Velan do not share any common entities/owners, directors, or employees. (De Vincenzi Decl. ¶4.)

Third, RRM does not have the practical ability to gather or obtain the documents at issue.

As indicated, RRM requested that Velan preserve and provide the call records, but Velan did not provide any documents. (De Vincenzi Decl. ¶5.)

Accordingly, RRM does not have "control" over Velan or the subject call records, and RRM could not be compelled to produce Velan's records in discovery. Likewise, RRM cannot be compelled to "gather" Velan's documents now.

**CONCLUSION**

For all the foregoing reasons, RRM respectfully requests that the Court deny Plaintiff's motion to compel in its entirety.

Respectfully Submitted,

DATED: December 22, 2017

/s/ *Karl S. Kronenberger*

Karl S. Kronenberger (Admitted *pro hac vice*)
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Fax: (415) 955-1158
Email: karl@krinternetlaw.com

A. Jordan Rushie (Attorney ID No. 209066)
RANDAZZA LEGAL GROUP, PLLC
1010 N. Hancock Street
Philadelphia, PA 19123
Telephone: (215) 268-3978
Email: ajr@randazza.com

*Attorneys for Defendants Rapid Response Marketing, LLC and Kevin De Vincenzi*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2017, I served a true and correct copy of Defendant Rapid Response Marketing, LLC's forgoing Brief in Opposition to Plaintiff's Motion to Compel, Defendant Kevin De Vincenzi's Declaration in Support of the Opposition, and a [Proposed] Order via the Court's electronic filing system upon the following:

Clayton S. Morrow, Esq.
Morrow & Artim, PC
304 Ross Street, 7th Floor
Pittsburgh, Pennsylvania 15219
Tel: (412) 281-1250
Email: csm@consumerlaw365.com
*Attorneys for Plaintiff*

and

Anthony Paronich, Esq.
Broderick & Paronich, PC
99 High Street, Suite 304
Boston, Massachusetts 02110
Tel: (508) 221-1510
Email: anthony@broderick-law.com
*Attorneys for Plaintiff (Pro Hac Vice)*

and

Jeffrey S. Jacobson
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Tel: (973) 503-5900
Email: jjacobson@kelleydrye.com
lmazzuchetti@kelleydrye.com
*Attorneys for Defendant Fundbox, Inc. (Pro Hac Vice)*

DATED: December 22, 2017

/s/ *Karl S. Kronenberger*
Karl S. Kronenberger