IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>FUNDBOX, INC.,<br><br>RAPID RESPONSE MARKETING, LLC,<br><br>KEVIN DEVINCENZI, individually,<br><br>Defendants. | Case No. 2:17-cv-03301-RBS |

## PLAINTIFF'S MEMORANDUM IN REPLY TO OPPOSITION OF DEFENDANT RAPID RESPONSE MARKETING, LLC TO PLAINTIFF'S MOTION TO COMPEL RAPID RESPONSE MARKETING, LLC TO GATHER RECORDS

Defendant Rapid Response Marketing, LLC's ("RRM") opposition to Plaintiff's motion to compel only serves to demonstrate why Plaintiff's motion to compel to RRM to gather calling records necessary to identifying class members should be allowed.

1. RRM chastises Plaintiff for not waiting for the commencement of discovery, simply ignoring that the reason discovery has not commenced is because Defendant Fundbox moved for a stay on September 9, 2017 (ECF 7). Defendants should not be permitted to grant themselves a victory by depriving Plaintiff of crucial records which, as set forth in Plaintiff's original motion to compel, are at risk of destruction by the simple passage of time.

2. RRM's claim that "there is no pertinent authority for Plaintiff's motion to compel RRM to 'gather' third-party documents" is flatly contradicted by the authorities cited in

Plaintiff's original motion. RRM's attempt to distinguish those cases because discovery had already commenced misses the mark entirely. Here RRM has conceded that it has not gathered the records. In *Johansen v. Ameriquote, Inc. et al*, No. 16-cv-4108-RWS, Dkt. 43 (N.D. Ga.), the Court ordered the defendant to obtain calling records from 3 non-exclusive calling vendors in the Philippines. In fact, *Johansen* provides a roadmap for how a defendant should gather those records if their vendor has not voluntarily produced them: through a foreign letter rogatory if the company is out of the country and through a subpoena if the company is not. RRM's claim that Velan is not its agent is legally incorrect, but it is a question for another day. Here, as with other courts faced with the same question that the failure of a defendant to gather calling records of calls it commissioned could result in this lawsuit never be able to get started, RRM should be compelled to gather those documents.

3. RRM does not address whether vendors other than Velan exist who might have made calls for RRM. Plaintiff submits that records for calls made for RRM promoting Fundbox by other vendors are also within the scope of Plaintiff's motion to compel, as all third parties that worked for RRM are in the Plaintiff's proposed class definition. (ECF No. 10 at ¶ 64).

## CONCLUSION

For the foregoing reasons, as well as those stated in Plaintiff's original motion to compel, Plaintiff respectfully requests that his Motion to Compel RRM to gather Telemarketing Call Records from their Vendors to Avoid Loss of Documents that Identify Putative Class Members be allowed.

2

Plaintiff James Everett Shelton,
By Counsel,

Dated: December 28, 2017

By: /s/ *Anthony Paronich*
Anthony Paronich
Email: anthony@broderick-law.com
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110
Telephone: (508) 221-1510
*Pro Hac Vice*

Clayton S. Morrow
Email: csm@consumerlaw365.com
Morrow & Artim, PC
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: (412) 281-1250

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2017, I filed the foregoing with the Clerk of Court, which will automatically send notification of such filing to all attorneys of record by placing the same on the Court's electronic docket.

/s/ *Anthony Paronich*
Anthony Paronich

3